IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3021-H

SIDNEY BULLOCK,

    Plaintiff,

v.

                              **ORDER**

BERTIE MARTIN REGIONAL JAIL,
et al.

    Defendants.

Plaintiff Sidney Bullock, a state inmate, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Before the court is defendant Dr. Roger Tolson's ("defendant Tolson") motion for summary judgment challenging plaintiff's claims. Fed. R. Civ. P. 56. Plaintiff responded to the motion for summary judgment. This matter is ripe for adjudication.

## STATEMENT OF THE CASE

On February 11, 2008, plaintiff filed this pro se action alleging, among other things, an Eighth Amendment violation for the failure to provide adequate and effective medical care while he was incarcerated at Bertie Martin Regional Jail ("Bertie"). On October 9, 2008, this court ordered plaintiff to amend his complaint and identify the individual(s) responsible for his alleged constitutional injury. In his amended complaint, filed on October 30, 2008, plaintiff identified the following individuals as being

responsible for failing to provide proper medical treatment: Dan Gibbs ("defendant Gibbs"), Sheriff of Bertie County, North Carolina; Trina Boone ("defendant Boone"), a nurse at Bertie; and Dr. Tolson, a doctor at Bertie. Plaintiff filed a supplement to his amended complaint on January 20, 2009, identifying Dr. Tolson as Dr. Roger Tolson.

On March 19, 2009, this court conducted a frivolity review pursuant to 28 U.S.C. § 1915(e)(2). The court dismissed plaintiff's claims against defendant Gibbs as frivolous. The court found that plaintiff's claims against defendants Boone and Tolson were not clearly frivolous and requested that North Carolina Prisoner Legal Services ("NCPLS") investigate plaintiff's claims. After conducting an investigation, NCPLS declined representation of plaintiff in this matter. Pursuant to an order filed by this court on August 4, 2009, defendant Boone was dismissed from this action without prejudice after plaintiff failed to serve defendant Boone within 120 days of the filing of the complaint. Plaintiff filed two motions to appoint counsel, on August 27, 2009, and September 25, 2009. These motions were denied on December 14, 2009.

Defendant Tolson filed a motion for summary judgment on October 30, 2009. Defendant Tolson denies that he was deliberately indifferent to plaintiff's serious medical needs. He has provided an extensive affidavit and copies of plaintiff's medical records to support his motion for summary judgment. Plaintiff filed a

2

response on November 20, 2009, along with documents and medical records in support of his claims.

## STATEMENT OF THE FACTS

Plaintiff's claims arise from the alleged medical treatment he received while he was incarcerated at Bertie. Plaintiff claims that defendant Tolson was deliberately indifferent by failing to give plaintiff insulin shots to treat his diabetes, failing to treat his high blood pressure, failing to provide pain medication, and failing to treat his mental and respiratory conditions. In his response to defendant Tolson's motion for summary judgment, plaintiff alleges that his blood sugar level was consistently over "120" and that he never received any insulin shots except on the date that a judge ordered that he be given insulin shots. Plaintiff contends that as a result of defendant Tolson's deliberate indifference, he suffered blackouts, eye problems, kidney problems, leg swelling, loss of memory, and confusion.

According to defendant Tolson's affidavit, he is a physician who visited Bertie one time per week to provide health care to inmates. He states that he treated plaintiff as it relates to this action from November 20, 2007, through April 3, 2008. Defendant Tolson says that plaintiff's blood sugar levels were actively monitored twice a day throughout his incarceration and that plaintiff was prescribed with Metformin, an oral medication, to regulate his diabetes. He claims that when plaintiff's blood sugar levels were elevated, he was given insulin 70/30. Defendant Tolson

3

also claims that plaintiff's blood pressure was treated with Vastoc, Norvase, and HCTZ medications, and that he was given 800 mg of Ibuprofen for pain and Klonopin for anxiety.

Defendant Tolson states that plaintiff submitted his first sick call request on December 7, 2007, and that Tolson granted plaintiff's request to discontinue his Prozac prescription. Plaintiff's next sick call request was submitted on December 18, 2007, which requested that he be given an extra bunk. According to defendant Tolson, a bunk request is handled by prison personnel and could not be addressed by medical staff.

Plaintiff submitted another sick call request on January 1, 2008, requesting medication to treat his depression. Defendant Tolson states that plaintiff was prescribed Celexa as a result. Plaintiff's next sick call request was submitted on January 6, 2008. He requested to see defendant Jones regarding his medications and was seen by defendant Jones the following day. On January 28, 2008, plaintiff requested that his dosage of Klonopin be increased. Defendant Tolson states in his affidavit that he denied plaintiff's request after determining that plaintiff's Klonopin dosage was appropriate.

Plaintiff's final sick call request was submitted on March 31, 2008. He requested cold medication and an appointment with a physician to discuss his diabetes medication. Defendant Tolson contends that he examined plaintiff on April 1, 2008, and initiated

4

the "Cold Protocol" where plaintiff was given cough medicine and throat lozenges. Defendant Tolson states that he also responded to plaintiff's concerns regarding his diabetes medication by giving him insulin 70/30. Plaintiff denies that he received any insulin shots except on April 1, 2008, after a Judge ordered that he receive insulin shots. Defendant Tolson also claims that plaintiff suffered no adverse health effects during his incarceration at Bertie.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court

5

construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 587.

## II. Analysis

Defendant asserts the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two-pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was lawful in the situation he

6

confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, 129 S.Ct. 808 (2009). A court has discretion to decide which step of the two-prong test to analyze first. Pearson, 129 S.Ct. at 821.

To state a valid Eighth Amendment claim for failure to provide adequate medical care, a plaintiff must demonstrate that the defendant acted with deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference to an inmate's serious medical needs constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Id. at 105-06. The indifference must be objectively harmful enough to establish a constitutional violation. See Farmer v. Brennan, 511 U.S. 825, 837-40 (1994); Hudson v. McMillian, 503 U.S. 1, 7-9 (1992). To demonstrate deliberate indifference, plaintiff must show that the medical treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Plaintiff first claims that defendant Tolson was deliberately indifferent to his medical needs by failing to give him insulin injections to control his diabetes. Despite this assertion, plaintiff cannot show that the course of treatment determined by defendant Tolson resulted in a constitutional violation. Disagreement with medical staff over the course of treatment is not

7

sufficient to state an Eighth Amendment deliberate indifference claim. See, e.g., De'Lonta v. Angelone, 330 F.3d 630, 635 (4th Cir. 2003); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). As indicated above, plaintiff was treated by defendant Tolson from November 20, 2007, through April 3, 2008. During this time, plaintiff's blood sugar and blood pressure levels were monitored periodically and he was prescribed Metformin, an oral diabetic medication, to control his diabetes. Defendant Tolson states in his affidavit that "[i]n [his] medical judgment, Metformin was an appropriate diabetic medication for [plaintiff] as an alternative to insulin injections." (Tolson Aff. ¶ 5.) Defendant Tolson's affidavit also states that plaintiff "suffered no adverse health effects during his incarceration at Bertie." (Id. ¶ 22.) Plaintiff has shown no evidence that the treatment he was given by defendant Tolson could "shock the conscience" or "be intolerable to fundamental fairness."

In addition, the record reveals that the medical staff was responsive to each of plaintiff's sick call requests. Plaintiff was given prescriptions of Vasotec, Norvasc, and HCTZ to control his blood pressure. He was further treated with 800 mg of Ibuprofen for pain, Klonopin for anxiety, and Celexa for his depression. The medical staff was also responsive to plaintiff's request to discontinue the use of Prozac. Although plaintiff's request for an extra bunk was not addressed by medical staff,

defendant Tolson's affidavit reveals that bunk requests are handled by jail personnel and not medical staff. (Tolson Aff. ¶ 15.) Defendant Tolson also reviewed and denied plaintiff's request for an increased dosage of Klonopin after he determined that plaintiff's current dosage was appropriate. Indeed, the evidence reveals that the treatment given by defendant Tolson does not rise to an Eighth Amendment violation. Even assuming that defendant Tolson's failure to treat plaintiff's diabetes with insulin instead of Metformin was negligent, as does not appear to be the case, negligence is not actionable under § 1983. Estelle, 429 U.S. at 105-06. As a result, this court concludes that plaintiff has not established a constitutional violation, and defendant Tolson is entitled to qualified immunity and his motion for summary judgment (DE # 32) is GRANTED.

## CONCLUSION

For the foregoing reasons, defendant Tolson's motion for summary judgment is GRANTED. The Clerk of Court is DIRECTED to close this case.

This the 12TH day of July 2010.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
HBB

9